# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. KNIGHT, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-01367-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED (DOC. 14)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT BE DENIED (DOC. 15)<br><br>OBJECTIONS DUE WITHIN **14 DAYS** |

**Findings And Recommendation**

**I.     Background**

　　Plaintiff James E. Bryant ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed August 5, 2009, against Defendants J. Knight and Davis for retaliation in violation of the First Amendment and violation of the Eighth Amendment.  Doc. 1.

　　Pending before the Court is Defendants' motion to dismiss for failure to state a claim, filed March 5, 2010.  Doc. 14.  Plaintiff filed his opposition on March 15, 2010.  Doc. 17. Defendants filed their reply on March 22, 2010.  Doc. 18.

　　Also pending before the Court is Defendants' motion to declare Plaintiff a vexatious litigant, filed March 5, 2010.  Doc. 15.  Defendants also filed a Request For Judicial Notice on March 5, 2010, and a Supplemental Request For Judicial Notice on April 26, 2010.  Docs. 16,

1

21. After the Court ordered Plaintiff to file an opposition, Plaintiff filed on January 31, 2011. Defendants filed a reply on February 4, 2011. The matter is submitted pursuant to Local Rule 230(l).

## II.	Motion To Dismiss

### A.	Rule 11 Sanction

Defendants contend that Plaintiff intentionally lied to the Court, and thus should be sanctioned with dismissal of his action pursuant to Federal Rule of Civil Procedure 11. Defs.' P. &. A. Support Mot. Dismiss 2:3-8:14.

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. The extreme sanction of "dismissal is warranted where . . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Anheuser-Busch, Inc. v. Natural Beverages Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (citation omitted); *see Leon v. IDX Systems, Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). For dismissal to be proper, the sanctionable conduct must have been due to willfulness, fault, or bad faith. *Leon*, 464 F.3d at 958; *Anheuser-Busch, Inc.*, 69 F.3d at 348. Further, the Court must consider less drastic sanctions. *Leon*, 464 F.3d at 358.

Courts may impose sanctions on pro se litigants proceeding in forma pauperis. *Warren v. Guelker*, 29 F.3d 1386, 1389-90 (9th Cir. 1994) (per curiam). Before imposing sanctions pursuant to a party's motion, the Court must follow the procedures outlined in Federal Rule of Civil Procedure 11(c)(2). *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001) (citing former Fed. R. Civ. P. 11(c)(1)(A), now Fed. R. Civ. P. 11(c)(2)); *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998).

Defendants contend that on the complaint form, Plaintiff answered the question, "Have you filed any other lawsuits while you were a prisoner?" by responding with "No," under the penalty of perjury. Defs.' P. &. A. Support Mot. Dismiss 2:3-8:14. Defendants contend that Plaintiff has filed numerous lawsuits while he was a prisoner. *Id.*

1  Plaintiff does not dispute that he previously filed lawsuits as a prisoner.[1]  Plaintiff contends that he answered truthfully pursuant to Local Rule 81-190 (now Local Rule 190).  Pl.'s Opp'n 1-2.  Plaintiff contends that pursuant to Local Rule 190(e)(1) and (2), Plaintiff was required to disclose only those cases when "petitioner has previously sought relief arising out of the same matter from this court or any other federal court, together with the rulings and reasons given for denial of relief."  L.R. 190(e)(2).

Plaintiff's argument is clearly erroneous and possibly disingenuous.  Plaintiff cites to a Local Rule which pertains only to habeas corpus petitions pursuant to 28 U.S.C. §§ 2254 and 2255.  It is unclear whether Plaintiff intended to lie to the Court, as Plaintiff's citation to an inapplicable local rule is not necessarily demonstrative of such intent.  However, Defendants' motion for sanction pursuant to Rule 11(c) should be denied on other grounds.

Pursuant to Rule 11(c)(2), a motion for sanctions must "not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  This is known as the "safe harbor" requirement, and is mandatory for a motion for sanctions pursuant to Rule 11(c)(2).  *Radcliffe*, 254 F.3d at 789.  There is no evidence that Defendants complied with the safe harbor requirement prior to moving for the sanction of dismissal.  Accordingly, Defendants' motion for sanction pursuant to Rule 11(c)(2) should be denied.

**B.     Rule 12(b)(6)**

    **1.     Failure To State a Claim Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice

---

[1] The Court grants Defendants' request for judicial notice of Plaintiff's many cases filed while he was a prisoner.  Docs. 16, 21.

3

pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

### 2. Plaintiff's Complaint

Plaintiff alleges the following. On November 24, 2007, Plaintiff and another inmate were conversing. Defendant Davis, who was in the control tower, ordered Plaintiff to enter the chow hall for the evening meal. Plaintiff contends that it is not mandatory unless an inmate wants to participate in the meal. Plaintiff refused to enter the chow hall. Defendant Davis then ran across the yard and caught Plaintiff in the area near Building Four. Defendant Davis then slammed Plaintiff up against the wall face first, stating that if Plaintiff was ordered to stop, he should stop. Plaintiff was then handcuffed and escorted to the program office. Defendant Davis then roughly threw him into the holding cage for about an hour, then returned and sent Plaintiff back to his building and cell.

On December 20, 2007, Defendant J. Knight had the yard control booth officer order the Plaintiff to go from the back of the medication line to the front. The weather was very cold, and the other inmates would not appreciate Plaintiff skipping ahead of them. Defendant Knight then told Plaintiff that he could either go to the front of the line as ordered, go back to the unit without breakfast, or go to the holding cage. Plaintiff chose the holding cage. Plaintiff headed to the program office and informed Lieutenant Baires that Defendant Knight had ordered Plaintiff to report to the cage. Defendant Knight then arrived, asked what Plaintiff was doing, and then shoved him against the wall and ordered Plaintiff to turn around. Plaintiff complied. Defendant Knight then, without any provocation, placed Plaintiff in a hammer headlock and began choking

4

him sadistically and maliciously. Defendant Knight lifted him off the ground and placed him in the holding cage. Plaintiff subsequently filed inmate grievances against both Defendants.

On December 2008, Defendant Davis, Plaintiff's work supervisor, refused to allow Plaintiff to come to work in retaliation for Plaintiff filing a complaint against him. On January 24, 2009, Defendants Knight and Davis put another inmate up to viciously assault Plaintiff in retaliation for Plaintiff filing inmate grievances against them.

### 3. Analysis

#### a. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

#### b. Eighth Amendment

For excessive force claims, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel

5

and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

For deliberate indifference claims, to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit*, 682 F.2d at 1250; *see Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. *Farmer*, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

      **c.**      **Arguments**

Based on Plaintiff's allegations, Plaintiff has alleged sufficient facts to state a cognizable claim for relief for retaliation in violation of the First Amendment and violation of the Eighth Amendment. Plaintiff alleges that Defendant Davis slammed Plaintiff face-first against the wall without provocation. Pl.'s Compl. 2-3. Plaintiff alleges that Defendant Knight choked Plaintiff without provocation. *Id.* at 3-4. Plaintiff alleges that Defendant Davis refused to permit Plaintiff to work in retaliation for Plaintiff filing a complaint against him.[2] *Id.* at 6. Plaintiff alleges that

---

[2] Defendants contend that prisoners have no constitutional right to work. Defs.' Mem. P. & A. Support Mot. Dismiss 10:24-11:6. This is correct. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). However, prisoners have a right to not be retaliated against for exercising their First Amendment rights. The adverse action taken need not be constitutionally violative itself. *See, e.g.*, *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (holding that while prisoners have no constitutional right to avoid prison transfers, prison transfers can be retaliatory).

Defendants Davis and Knight put up another inmate to assault Plaintiff because Plaintiff filed inmate grievances against them. *Id.* at 5. These are sufficient allegations for First Amendment and Eighth Amendment claims.

Defendants contend that Plaintiff relies on exhibits which contradict Plaintiff's pleadings. Defs.' Mem. P. & A. Support Mot. Dismiss 9:13-11:6. Even assuming that these exhibits are contradictory if accepted in full, Plaintiff cites to these exhibits to demonstrate that the events alleged in his complaint occurred. Plaintiff does not appear to be conceding that the exhibits are true in their entirety. Defendants' argument is unavailing.

Defendants next contend that they are entitled qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 813 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement"). The other inquiry is whether the right was clearly established. *Saucier*, 533 U.S. at 201. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Id.* "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (citation omitted). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Defendants' alleged conduct states a claim for violations of the First and Eighth Amendments. These rights are clearly established. *See Farmer*, 511 U.S. at 834 (Eighth

Amendment right to personal safety); *Hudson*, 503 U.S. at 8 (Eighth Amendment right to be free from excessive force); *Rhodes*, 408 F.3d at 567 (First Amendment right to petition government through prison grievance procedures). Accordingly, Defendants' motion for qualified immunity should be denied.

### III.     Motion To Declare Plaintiff Vexatious Litigant

#### A.     Legal Standard

A District Court is empowered to enjoin litigants who have abusive histories of litigation or who file frivolous lawsuits from continuing to do so. *See* 28 U.S.C. § 1651(a). Section 1651 states that "[t]he Supreme Court and all courts established by Act of Congress may issue writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "'A District Court not only may, but should, protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'" *Safir v. United States Lines, Inc.*, 729 F.2d 19, 24 (2d Cir. 1986) (quoting *Abdullah v. Gatton*, 773 F.2d 487, 488 (2d Cir. 1985)). Federal courts possess the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Delong v. Hennesey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Frivolous claims by a litigious plaintiff may be extremely costly to defendants and can waste valuable court time." *DeNardo v. Murphy*, 781 F.2d 1345, 1348 (9th Cir. 1986). Enjoining litigants from filing new actions under 28 U.S.C. § 1651(a) is one such restriction that the District Court may take. *DeLong*, 912 F.2d at 1147.

The Court may issue an order declaring a litigant to be a vexatious litigant and require a litigant to seek permission from the Court prior to filing any future suits. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see DeLong*, 912 F.2d at 1146-47. Federal courts have been cautious in declaring plaintiffs vexatious litigants. To issue such an order, Ninth Circuit case law requires that the District Court ensure that: (1) the Plaintiff is given adequate notice to oppose a restrictive pre-filing order; (2) the record of the case filings reflects "in some manner, that the litigant's activities were numerous and abusive;" (3) there are substantive findings as to the frivolousness or harassing nature of plaintiff's filings; and (4) the

8

order is narrowly tailored to remedy only the plaintiff's particular abuses.  *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *DeLong*, 912 F.2d at 1147-49.  "An order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective and meaningful access [to the courts] . . . while preserving the court from abuse." *Franklin v. Murphy*, 745 F.2d 1221, 1231-32 (9th Cir. 1984).   A pre-filing order cannot issue merely upon a showing of litigiousness.  *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).  A review of the plaintiff's claims must establish that they were both numerous and without merit.  *Id.*

   Here, the Court declines to declare Plaintiff a vexatious litigant.  Unlike the requirements for state law, Ninth Circuit case law requires that a district court find, *inter alia*,  that Plaintiff have a history of frivolous or harassing filings and that the Plaintiff's activities were numerous and abusive.  *O'Louglin*, 920 F.2d at 617.  While Plaintiff has filed previous lawsuits, this appears to be the first action filed against these particular Defendants.[3]

   Additionally, the Court by Local Rule adopts Title 3A, part 2, of the California Code of Civil Procedure for purposes of imposing security.  *See* L. R. 151(b).  Pursuant to California Code of Civil Procedure 391.1, which is part of Title 3A, part 2, a motion brought to declare a plaintiff a  vexatious litigant requires that the moving party show that the plaintiff is a vexatious litigant and "there is no reasonable probability that he will prevail in the litigation against the moving defendant."  As stated above, the Court finds that Plaintiff has stated a claim.  Thus, there is a reasonable probability that Plaintiff can prevail in the litigation.  Accordingly, the Court recommends that Defendants' motion to declare Plaintiff a vexatious litigant in this action should be denied.

   As Defendants have yet to file an answer, the Court will recommend an answer be filed after the resolution of these Findings and Recommendations.

///

///

///

---

[3]  The Court notes that Plaintiff was sanctioned in a lawsuit filed in state court against J. Nesmith for bad conduct during discovery.  *See* Defs.' Request For Judicial Notice 2-3, Doc. 16-1.

**IV.    Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed March 5, 2010, should be DENIED;

2. Defendants' motion to declare Plaintiff a vexatious litigant, filed March 5, 2010, should be DENIED; and

3. Defendants are to file an answer to Plaintiff's complaint within fourteen (14) days if the District Judge adopts these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 4, 2011**                     /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE