# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT, | 1:09-CV-01367-OWW-DLB PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (DOC. 28) |
| v. | |
| J. KNIGHT, et al., | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 14) |
| Defendants. | |
| | ORDER DENYING DEFENDANTS' MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT (DOC. 15) |

Plaintiff James E. Bryant ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants J. Knight and Davis for violation of the First and Eighth Amendment. On March 5, 2010, Defendants filed a motion to dismiss for failure to state a claim and a motion to declare Plaintiff a vexatious litigant. Docs. 14, 15. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2011, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objection to the Findings and

1

Recommendations was to be filed within fourteen days. After receiving extensions of time, Defendants filed an Objection to the Findings and Recommendations on April 4, 2011. Doc. 32.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis, with some modification. The Court provides the following additional analysis and modifications to address Defendants' objections.

### A. Failure To State A Claim

Defendants contend that Plaintiff fails to state a claim against Defendant Davis for excessive force for the November 24, 2007 incident. Defs.' Mot. Dismiss, 9:12-10:23, Doc. 14-1. The Findings and Recommendations summarized the November 24, 2007 incident as follows:

> On November 24, 2007, Plaintiff and another inmate were conversing. Defendant Davis, who was in the control tower, ordered Plaintiff to enter the chow hall for the evening meal. Plaintiff contends that it is not mandatory unless an inmate wants to participate in the meal. Plaintiff refused to enter the chow hall. Defendant Davis then ran across the yard and caught Plaintiff in the area near Building Four. Defendant Davis then slammed Plaintiff up against the wall face first, stating that if Plaintiff was ordered to stop, he should stop. Plaintiff was then handcuffed and escorted to the program office. Defendant Davis then roughly threw him into the holding cage for about an hour, then returned and sent Plaintiff back to his building and cell.

Findings and Recommendations 4:11-19, Doc. 28.

The Court finds the use of force in this incident to be *de minimis*. Handcuffing Plaintiff and slamming him up face-first against a wall after Plaintiff's alleged failure to comply with

Defendant Davis's order does not rise to the level of an Eighth Amendment violation. *See Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force).

Plaintiff states a claim as to all other claims, namely: (1) Defendant Knight putting Plaintiff in a headlock and sadistically and maliciously choking Plaintiff; (2) Defendant Davis refusing to allow Plaintiff to come to work in retaliation for Plaintiff filing an inmate grievance against him; and (3) Defendants Davis and Knight putting up another inmate to attack Plaintiff in retaliation for Plaintiff filing an inmate grievance against them.

**B. Dismissal As Sanction**

Defendants contend that they move for dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defs.' Objections 8:11-17. Defendants contend that Plaintiff violated Rule 11 of the Rules of Civil Procedure by lying to the Court as to the number of cases he previously filed, and that the Court has inherent power to dismiss for violation of the Rules of Civil Procedure pursuant to Rule 41(b).

Representations to the Court are governed by Rule 11(b). Dismissal of an action for violation of Rule 11 is effectively a sanction, and such sanctions are specifically governed by 11(c)(2). The Court is disinclined to apply a generalized inherent authority when a more specific rule is applicable. *See Bloate v. United States*, 130 S. Ct. 1345, 1354 (2010) ("'General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment'") (quoting *D. Ginsberg & Sons, Inc. v.*

1  *Popkin*, 285 U.S. 204, 208 (1932)).  Defendants cite to *Warren v.*
2  *Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (per curiam), as
3  support for their arguments.  Defs.' Objections 11:4-12:2.  That
4  case considered whether a district court erred in not applying Rule
5  11 to litigants proceeding in forma pauperis.  Here, in applying
6  Rule 11, the Magistrate Judge found that Defendants did not comply
7  with the requirements of Rule 11(c)(2).  *See*  Fed. R. Civ. P.
8  11(c)(2) (motion for sanctions must "not be filed or be presented
9  to the court if the challenged paper, claim, defense, contention,
10 or denial is withdrawn or appropriately corrected within 21 days
11 after service or within another time the court sets."); *Radcliffe*
12 *v. Rainbow Constr. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001)
13 (citing former Fed. R. Civ. P. 11(c)(1)(A), now Fed. R. Civ. P.
14 11(c)(2)).  The denial of Defendants' motion for sanction for
15 violation of Rule 11 is appropriate.

   **C.   Vexatious Litigant**

17     Defendants contend that declaring Plaintiff a vexatious
18 litigant is a different issue than requiring Plaintiff to post a
19 security in this action.  Defs.' Objections 4:10-5:2.  Defendants
20 seek to declare Plaintiff a vexatious litigant as well as require
21 that he post security.  The Local Rules of this Court state, "The
22 provisions of Title 3A, part 2, of the California Code of Civil
23 Procedure, relating to vexatious litigants, are hereby adopted as
24 a procedural Rule of this Court on the basis of which the Court may
25 order the giving of a security, bond, or undertaking, although the
26 power of the Court shall not be limited thereby."  L.R. 151(b).
27     While Title 3A, part 2 of the California Code of Civil
28 Procedure is adopted as a procedural rule, this Court is governed

4

by the case law of the United States Court of Appeals for the Ninth Circuit. In declaring a plaintiff to be a vexatious litigant, district courts in the Ninth Circuit have been cautious. Ninth Circuit case law requires the district court to ensure that (1) the plaintiff is given adequate notice to oppose a restrictive pre-filing order; (2) the record of the case filings reflects "in some manner, that the litigant's activities were numerous and abusive;" (3) there are substantive findings as to the frivolousness or harassing nature of plaintiff's filings; and (4) the order is narrowly tailored to remedy only the plaintiff's particular abuses. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). The Court does not find that Plaintiff's filings have been so numerous and abusive as to warrant a vexatious litigant order. *See DeLong v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990) (examples of numerous or abusive filings include plaintiffs who have filed 35 related complaints, more than 50 frivolous cases, or more than 600 complaints). The Court also does not find that Plaintiff's litigation activity reflects a pattern of harassment. *Id.* at 1148 n.3 (noting that to find pattern of harassment, district court needs to "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.") (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (per curiam)).[1]

---

[1] Though not part of their objections, Defendants also submit a notice of recent ruling which they contend is relevant to this action, *Carrea v. Iserman*, 2011 U.S. Dist. LEXIS 35077 (E.D. Cal. Mar. 31, 2011). Doc. 33. The district court in that action found the plaintiff to be a vexatious litigant. However, that case is not persuasive here. First, the plaintiff had filed four prior cases that were dismissed as frivolous or malicious, pursuant to 28 U.S.C. § 1915(g). Second, there was evidence to support a finding that the plaintiff met the definition of a vexatious litigant as defined by California Code of Civil Procedure section 391, *and* that the plaintiff had already been

5

Because the Court declines to declare Plaintiff a vexatious litigant, the Court will not require that he post security in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 4, 2011, is adopted in part as stated herein;

2. Defendants' motion to dismiss for failure to state a claim, filed March 5, 2010, is GRANTED as to Plaintiff's excessive force claim against Defendant Davis for the November 24, 2007 incident, and DENIED as to all other claims;

3. Defendants' motion to declare Plaintiff a vexatious litigant, filed March 5, 2010, is DENIED;

4. Defendants are to file an answer to Plaintiff's complaint within **fourteen (14) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   May 2, 2011**                              **/s/ Oliver W. Wanger**
                                                     UNITED STATES DISTRICT JUDGE

---

declared a vexatious litigant in the California state courts. Third, there was no reasonable probability that the plaintiff could prevail on his three claims.  Unlike the plaintiff in that action, Plaintiff here (1) has not accrued at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g), (2) has not already been declared a vexatious litigant, and (3) has a reasonable probability of prevailing on his claims.

6