# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. KNIGHT, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-01367-DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING CERTAIN CLAIMS WITHOUT PREJUDICE (DOC. 51)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DOC. 40) |

**Order**

**I.     Background**

Plaintiff James E. Bryant ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed August 5, 2009, against Defendants J. Knight and Davis ("Defendants") for retaliation in violation of the First Amendment and excessive force in violation of the Eighth Amendment. Pending before the Court is Defendants' motion to dismiss certain claims for failure to exhaust administrative remedies, filed August 31, 2011. Defs.' Mot. Dismiss, Doc. 51. On October 18, 2011, Plaintiff filed a document, indicating that he had addressed the issue of exhaustion in a prior filing on August 19, 2011. Docs. 47, 57. The Court will construe the August 19, 2011 as an opposition.[1] On October 20, 2011, Defendants' filed a

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 24, 2009. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); *see* Second Informational Order, Doc. 12.

1

document construed as their reply.  Doc. 58.

On June 22, 2011, Plaintiff filed a motion for monetary sanctions against Defendants. Doc. 40.  Defendants filed their opposition on August 26, 2011.  Doc. 49.  Plaintiff filed a reply on August 19, 2011.  Doc. 47.  The matter is submitted pursuant to Local Rule 230(l).  The Court will first address the motion to dismiss.

**II.     Summary Of Complaint**

Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California.  On December 20, 2007, Defendant J. Knight had the yard control booth officer order the Plaintiff to go from the back of the medication line to the front.  The weather was very cold, and the other inmates would not appreciate Plaintiff skipping ahead of them. Defendant Knight then told Plaintiff that he could either go to the front of the line as ordered, go back to the unit without breakfast, or go to the holding cage.  Plaintiff chose the holding cage. Plaintiff headed to the program office and informed Lieutenant Baires that Defendant Knight had ordered Plaintiff to report to the cage.  Defendant Knight then arrived, asked what Plaintiff was doing, and then shoved him against the wall and ordered Plaintiff to turn around.  Plaintiff complied.  Defendant Knight then, without any provocation, placed Plaintiff in a hammer headlock and began choking him sadistically and maliciously.  Defendant Knight lifted him off the ground and placed him in the holding cage.  Plaintiff subsequently filed inmate grievances against both Defendants.

On December 2008, Defendant Davis, Plaintiff's work supervisor, refused to allow Plaintiff to come to work in retaliation for Plaintiff filing a complaint against him.  On January 24, 2009, Defendants Knight and Davis put another inmate up to viciously assault Plaintiff in retaliation for Plaintiff filing inmate grievances against them.

Plaintiff alleges a violation of the Eighth Amendment and the state law claim of negligence.  Plaintiff requests as relief monetary damages.

**III.    Exhaustion Of Administrative Remedies**

**A.     Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

**B.     Discussion**

The CDCR has an administrative grievance system for prisoner complaints.  Cal. Code Regs. tit. 15, § 3084.1 (2010).  The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always*

3

require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

      Defendants contend that there are no grievances addressing Plaintiff's retaliation claims, and thus, he failed to exhaust administrative remedies.  Defs.' Mem. P. & A. 2:14-22.  Defendants submit as exhibits in support a declaration from D. Foston, Chief of the Office of Appeals for CDCR, and a declaration from R. Gomez, appeals coordinator at SATF.  D. Foston Decl.; R. Gomez Decl.  Gomez declares that Plaintiff has not filed any inmate grievances concerning alleged retaliation in 2007 or 2008 at SATF.  Gomez Decl. ¶ 6.  Defendants have met their initial burden of proving the absence of exhaustion, and the burden shifts to Plaintiff to demonstrate exhaustion or an exception to exhaustion.

      Plaintiff's opposition cites only a previously submitted document, Plaintiff's reply to Defendant's opposition to Plaintiff's motion for monetary sanctions, filed August 19, 2011.  Doc. 47.  In this document, Plaintiff includes a 602 inmate grievance filed at Los Angeles County State Prison on February 25, 2011.  Pl.'s Reply, Ex. A.  This grievance clearly does not exhaust administrative remedies as to any claims in this action.[2]

      Plaintiff has failed to oppose Defendants' motion to dismiss for failure to exhaust administrative remedies as to Plaintiff's retaliation claims.  Accordingly, the Court will dismiss all the retaliation claims from this action.  As the only claims against Defendant Davis were for retaliation, Defendant Davis will be dismissed from this action.

---

[2] Plaintiff's motion for sanctions also cites to Plaintiff's exhibits A, E, and F from Plaintiff's complaint as proof of exhaustion.  Pl.'s Compl., Exs. A, E, F, Doc. 1.  Those exhibits, however, demonstrate only that Plaintiff exhausted administrative remedies as to his claim for excessive force against Defendant Knight.

### IV. <u>Motion For Sanctions</u>

Plaintiff moves this Court to sanction Defendants for a lie allegedly provided in their answer to Plaintiff's complaint. Pl.'s Mot., Doc. 40. Plaintiff appears to contend that he has exhausted administrative remedies as to at least some of his claims. Thus, Plaintiff contends, Defendants' denial of Plaintiff's allegations that he had exhausted administrative remedies, and the affirmative defense that Plaintiff failed to exhaust administrative remedies is a lie and sanctionable under Rule 11 of the Federal Rules of Civil Procedure. *See* Defs.' Answer 3:1-3, 16-17, Doc. 37.

Defendants contend that they did not a lie, because Plaintiff has actually failed to exhaust administrative remedies as to several of his claims. Defs.' Opp'n, Doc. 49. Defendants concede that Plaintiff has exhausted administrative remedies only as to his claim against Defendant Knight for putting Plaintiff in a headlock and choking Plaintiff, in violation of the Eighth Amendment.

Under Rule 8 of the Federal Rules of Civil Procedure, "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial," Fed. R. Civ. P. 8(b)(5), and "a party must affirmatively state any avoidance or affirmative defense." *Id.* 8(c)(1). Under Rule 11 of the Federal Rules of Civil Procedure, by presenting any pleading to the court,

> an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
> (2) the claims, defenses, and other legal contentions are warranted by existing law;
> . . .
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Here, there is no evidence that Defendants' answer was not warranted under existing law, nor evidence that the denial of factual contentions was not reasonably based on a lack of information. Plaintiff did not exhaust administrative remedies as to his retaliation claims, and there is no evidence that at the time the Defendants submitted their answer that Defendants possessed information as to whether Plaintiff had exhausted his administrative remedies as to his claims. Additionally, Defendants are required only to "affirmatively state" an

5

affirmative defense, not necessarily present all facts in support of their defense.

There is no evidence that Plaintiff has complied with Rule 11(c) of Federal Rules of Civil Procedure. Pursuant to Rule 11(c)(2), a motion for sanctions must "not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This is known as the "safe harbor" requirement, and is mandatory for a motion for sanctions pursuant to Rule 11(c)(2). *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Plaintiff contends compliance with the safe harbor requirement in his motion, but provides no evidence. The moving party is required to give twenty-one day advance notice of intent to file the Rule 11(c) motion by serving the motion on the non-moving party prior to filing the motion with the court. *Id.*

Accordingly, Plaintiff's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, filed June 22, 2011, should be denied.

## V.     Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss, filed August 31, 2011, is GRANTED;
2. Plaintiff's retaliation claims are dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);
3. Defendant Davis is dismissed from this action; and
4. Plaintiff's motion for sanctions, filed June 22, 2011, is denied.

IT IS SO ORDERED.

Dated:   **January 23, 2012**              **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE