# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT,<br><br>              Plaintiff,<br><br>       v.<br><br>J. KNIGHT, et al.,<br><br>              Defendants. | Case No. 1:09-cv-01367-DLB PC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>ECF No. 64 |

## I.  Background

Plaintiff James E. Bryant ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed August 5, 2009, against Defendant J. Knight for excessive force in violation of the Eighth Amendment.[1] On May 31, 2012, Defendant filed a motion for summary judgment. ECF No. 64. The matter is submitted pursuant to Local Rule 230(l).[2]

## II. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law.

---

[1] There are no other claims in this action. Plaintiff previously stated a cognizable retaliation claim, which was dismissed for failure to exhaust administrative remedies. ECF No. 60.

[2] Plaintiff was notified of the requirements for opposing a motion for summary judgment on July 16, 2012 and July 25, 2012, and was granted an opposition deadline of August 8, 2012. ECF Nos. 67, 68. Plaintiff did not file an opposition.

1

Fed. R. Civ. P. 56(a).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not

1  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
2  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
3  trial."  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the
4  pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
5  *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963
6  amendments).

7        In resolving a motion for summary judgment, the court examines the pleadings, depositions,
8  answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ.
9  P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all
10 reasonable inferences that may be drawn from the facts placed before the court must be drawn in
11 favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369
12 U.S. 654, 655 (1962) (per curiam)).

13       Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply
14 show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a
15 whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine
16 issue for trial.'"  *Matsushita*, 475 U.S. at 586-87 (citations omitted).

17 **III.**  **Statement of Facts**

18       Because Plaintiff did not file an opposition to Defendant's motion for summary judgment,
19 Defendant's statement of facts is considered undisputed.  In December 2007, Plaintiff was
20 incarcerated on Facility D at the Substance Abuse Treatment Facility ("SATF") in Corcoran,
21 California.  Compl. p. 7, ¶ 2, ECF No. 1.  Defendant Knight was a search-and-escort officer on
22 Facility D, and his duties included escorting inmates to medical appointments.  Knight Decl. ¶ 2 ECF
23 No. 64. During Plaintiff's incarceration at SATF, Defendant Knight escorted Plaintiff on several
24 occasions, mostly for medical appointments.  Knight Decl. ¶ 3.  Plaintiff alleged that Defendant
25 Knight used force on Plaintiff on December 20, 2007.  Compl. pp.3-4.  However, Defendant Knight
26 attests that he did not choke, threaten, or assault Plaintiff on December 20, 2007.  Knight Decl. ¶ 4.

27       If Defendant Knight had used any force on Plaintiff on December 20, 2007, Knight would
28 have prepared a Crime/Incident Report (CDCR 837-C) based on his customary practice and as

required by prison regulations. Knight Decl. ¶ 5. No 837 report exists for December 20, 2007, concerning the events Plaintiff alleged occurred on that day. Knight Decl. ¶ 6. Defendant Knight has never used excessive or unreasonable force on Plaintiff. Knight Decl. ¶ 7.

## IV.  Analysis

What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Construing all facts in the light most favorable to Plaintiff as the non-moving party, Defendant Knight is entitled to summary judgment. There is no evidence presented before the Court

which indicates that Defendant Knight used any force on Plaintiff on December 20, 2007. *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc) ("if the pro se prisoner fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner without a trial."). Accordingly, there is no genuine dispute of material fact, and Defendant Knight is entitled to judgment as a matter of law. Because the Court finds that Defendant Knight is entitled to summary judgment, the Court does not reach Defendant's qualified immunity argument.

## V.   Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for summary judgment, filed May 31, 2012, is granted in full;
2. Summary judgment is granted in favor of Defendant Knight and against Plaintiff as to the excessive force claim, the only remaining claim in this action; and
3. Judgment should be entered accordingly.

IT IS SO ORDERED.

Dated:   **October 23, 2012**              /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE